(Reap. Dec. 10079)

HAROLD P. RYAN *v.* UNITED STATES

Entry No. 29 G., etc.

(Decided September 13, 1961)

Plaintiff not represented by counsel.

*William H. Orrick, Jr.*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

FORD, Judge: The appeals for reappraisement enumerated in schedule "A," attached hereto and made a part of the decision herein, relate to certain ladies' woolen outerwear, imported from Canada. When these cases were called for trial, Mr. Eugene M. Best, owner of

the actual importer herein, The Trading Post, appeared *in propria persona.*

The record herein establishes that the merchandise was appraised on the basis of foreign value, which basis is conceded to be the proper basis. The only question involved herein is whether a 10 per centum discount, which was disallowed in reappraisements 247203–A and 247204–A, and an 8 per centum discount, which was disallowed in reappraisements 247205–A and 247206–A, are properly part of the dutiable value.

The testimony of the importer herein was to the effect that the exporter herein originally allowed its Canadian customers a 2 per centum trade discount, although it did not allow it to the importer herein. Subsequently, the exporter, in accordance with the trade custom in the United States, decided to allow an 8 per centum trade discount to its American purchasers, in addition to a 2 per centum discount already allowed to its Canadian customers. In order to do this, the exporter raised his prices by 8 per centum, which, in effect, amounts to a penalty if payment is not made by the 10th of the month following the date of the invoice. This situation relates to reappraisements 247203–A and 247204–A. Subsequently, in reappraisements 247205–A and 247206–A, the importer received an 8 per centum trade discount from the exporter. The 8 per centum discount was provided by the exporter by increasing the price by 6 per centum and allowing the 2 per centum trade discount already given to its Canadian customers. The testimony of the witness, together with plaintiff's exhibits 2 and 3, substantiates these facts and establishes that such merchandise was freely offered in Canada at prices equal to the prices claimed herein.

Based upon the record herein, I am of the opinion that the 10 per centum trade discount in reappraisements 247203–A and 247204–A and the 8 per centum discount in reappraisements 247205–A and 247206–A are not properly part of the dutiable value.

I, therefore, find as matter of fact:

1. That the merchandise in question consists of women's woolen outerwear, exported from Canada.

2. That a trade discount of 2 per centum was freely offered to all purchasers in the home market.

3. That the invoiced value of the merchandise covered by reappraisements 247203–A and 247204–A was increased by the sum of 8 per centum in order to allow a 10 per centum discount.

4. That the invoiced value of the merchandise covered by reappraisements 247205–A and 247206–A was increased by the sum of 6 per centum in order to allow an 8 per centum discount.

Accordingly, I hold as a matter of law that the foreign value, as defined in section 402(c) of the Tariff Act of 1930, as amended, is the

proper basis for appraisement of the imported merchandise and that such statutory value does not include the item described on the consular invoices as trade discount.

Judgment will be entered accordingly.